**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| RYAN K. JONES | CIVIL ACTION NO. 18-1197 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RODNEY ARBUCKLE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Courtney Dowden's ("Dowden") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Record Document 13. Plaintiff Ryan K. Jones ("Jones") opposes the motion. See Record Document 16. Dowden seeks dismissal of Jones' conspiracy claim under 42 U.S.C. § 1983. For the reasons set forth below, Dowden's motion is hereby **DENIED**.

**I.     BACKGROUND**

The factual allegations contained in the complaint are accepted as true and are as follows.[1] Jones filed suit under § 1983 alleging a conspiracy in violation of his Fifth and Fourteenth Amendment liberty interest. Jones' suit named as defendants the former and current Sheriff of DeSoto Parish ("Sheriff"), multiple Sheriff's Deputies of DeSoto Parish ("Deputies"), and Dowden, Jones' ex-wife.[2] See Record Document 3 at 2. More specifically, Jones alleges a systematic effort on the part of the Sheriff, Deputies, and

---

[1] [W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
[2] Jones asserts other state law claims against the current and former Sheriff and Deputies, but those are immaterial in the present matter. See Record Document 3 at 14–20.

Dowden, to deny Jones custody of Dowden and Jones' minor child KJ and Jones' other children from a subsequent relationship. See id. at 3.

One of the other named defendants is Monica Cason ("Cason"), Dowden's sister and Chief Deputy for the Sheriff.[3] See id at 1–2. The complaint alleges Dowden and Cason worked in concert by utilizing Cason's relationships within the Sheriff's Office and other law enforcement agencies to restrict or terminate Jones' custody rights to his children. See id at 3–4. Jones alleges Cason directed other deputies and law enforcement agents to conduct multiple unwarranted traffic stops, arrests, surveillance, and pursue or file baseless charges against Jones. See id. at 6–8, 10, 12.

Dowden has now moved to dismiss Jones' claims against him, asserting that Jones did not sufficiently plead the conspiracy claim against Dowden. See Record Document 13 at 2. Jones filed an opposition. See Record Document 16. Dowden filed a reply. See Record Document 18.

## II. LAW AND ANALYSIS

### A. Pleading and 12(b)(6) Motion to Dismiss Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading requirements to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the

---

[3] Jones names a total of six defendants, but only the parties relevant to this motion will be discussed in detail. See Record Document 3 at 1–2.

speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. Courts must accept all factual allegations in the complaint as true. Id. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 678–79, 129 S. Ct. at 1949. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

### B. Section 1983 Conspiracy Claim

To state a cause of action pursuant to § 1983 the plaintiff must allege that defendants acted "under color of state law" and that the defendants deprived the plaintiff of their constitutional rights. See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255–56 (1988). Private actors may be held liable under § 1983 by proving a civil conspiracy

between the private and state actors. See Cinnel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994). To state an actionable conspiracy claim under § 1983, a plaintiff must allege facts suggesting: (1) an agreement between the alleged co-conspirators; and (2) an actual deprivation of federal or constitutional rights. See id. Moreover, a heightened pleading standard applies to allegations of conspiracy. See Lynch v. Cannatella, 810 F.2d 1363, 1369-70 (5th Cir. 1987). Therefore, "conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983." See Montgomery v. Wilson, 759 F. App'x 312, 314 (5th Cir. 2018) (citing Arsenaux v. Roberts, 726 F.2d 1022, 1023–24 (5th Cir. 1982)).

In her Motion to Dismiss, Dowden argues that the factual allegations of her role in the conspiracy are "conclusory and not entitled to any presumption of truthfulness." See Record Document 13-1 at 4. This Court, however, disagrees with Dowden's view of Jones' allegations. In his complaint, Jones alleges facts "tending to show an agreement" between Dowden, Cason and the Sheriff. See Cinnel, 15 F.3d at 1343. For example, Jones alleges Dowden and Cason had communication following an arrest of Jones, but before the Sheriff booked Jones. Following this communication, Jones claims Cason then communicated with the Sheriff and other Deputies, thereby resulting in Jones receiving additional charges preventing him from obtaining bond. Jones alleges this communication "secured Plaintiff's detention in jail over the weekend so Dowden could take custody of KJ while Plaintiff was incarcerated." See Record Document 3 at 3 ¶ 16. Further, Jones alleges Dowden used the arrest "to obtain a temporary protective order and to seek full custody of the minor child." See id. at 3 ¶ 17.

Dowden also attacks the complaint for "group pleading," or lumping all the defendants together, thereby failing to prove Dowden's personal liability. See Record Document 13-1 at 4–5. The Court also disagrees with Dowden's understanding on this issue. The very nature of a conspiracy requires the activity of two or more people. See Cinnel, 15 F.3d at 1343. Therefore, referring to Dowden in conjunction with other defendants does not fail to show individual liability, but rather is essential to proving a conspiracy.

Considering Jones' complaint as a whole, he has plausibly alleged facts which suggest, but do not prove, a potential agreement between Dowden and Sheriff officials and employees. At this stage, Jones is only required to plead a plausible cause of action, and he has met this standard. When analyzing a Rule 12(b)(6) Motion, this Court's duty is to "determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." Thompson, 764 F.3d at 503. While Jones may not ultimately survive the summary judgment stage and prevail against Dowden on the merits, he has alleged enough factual content to nudge his claims "across the line from conceivable to plausible." Iqbal, 556 U.S. at 680, 129 S. Ct.at 1950-51, quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

### III.     CONCLUSION

Based on the foregoing reasons, Dowden's Motion to Dismiss (Record Document 13) is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 11th day of September, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT