UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RYAN K JONES                                CIVIL ACTION NO. 18-cv-1197

VERSUS                                      CHIEF JUDGE HICKS

RODNEY ARBUCKLE, ET AL                      MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

Ryan K. Jones ("Plaintiff"), represented by attorney Pamela Jones, filed this civil rights action against the former and current sheriffs of DeSoto Parish, multiple sheriff's deputies, and Plaintiff's ex-wife. Plaintiff alleged a systematic effort, including multiple unwarranted traffic stops and arrests, aimed at restricting or terminating Plaintiff's child custody rights. The case proceeded for more than two years, and a scheduling order was in place when counsel for Plaintiff filed a motion to withdraw on the grounds that she was "no longer able to adequately represent the interests of this client." Counsel reported that she served Plaintiff with written notice of her intent to withdraw by regular mail, certified mail, Federal Express, and email. That notice was issued in early November 2020.

The court issued an order (Doc. 40) that granted the motion to withdraw. The order stated that Plaintiff was "strongly encouraged to retain new counsel" and granted him more than a month, until December 18, 2020 to either (1) enroll new counsel to represent him in this case or (2) file with the court a written statement that he intends to represent himself. The order warned: "Failure to take one of those steps prior to December 18, 2020 may

result in Mr. Jones' case being dismissed, without further notice, for failure to prosecute." The order was mailed and emailed to Mr. Jones.

The December 18, 2020 deadline has passed, but there has been no action of record by Mr. Jones or an attorney acting on his behalf. The court provided ample time for Mr. Jones to secure new counsel or indicate his desire to proceed without counsel. Mr. Jones has not taken even the simple step of alerting the court that he desires to proceed on his own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of December, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge